NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1185, -1238

REVOLUTION EYEWEAR, INC.,

Plaintiff/Counterclaim Defendant-
Cross Appellant,

and

GARY MARTIN ZELMAN,

Counterclaim Defendant-Cross
Appellant,

v.

ASPEX EYEWEAR, INC. and NONU IFERGAN,

Defendants/Counterclaimants-
Appellants.

Appeals from the United States District Court for the Central District of California in case no. 03-CV-05965, Judge Philip S. Gutierrez.

Before SCHALL, PROST, and MOORE, Circuit Judges.

PROST, Circuit Judge.

## O R D E R

Aspex Eyewear, Inc. et al. (Aspex) and Revolution Eyewear, Inc. and Gary Martin Zelman (Revolution) each submit status reports. Aspex submits a supplemental status report.

This case was stayed pending the court's disposition in Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294 (Fed. Cir. 2009) (Appeal no. 2008-1050). Appeal no. 2008-1050 was decided on February 13, 2009 and the mandate issued on

March 23, 2009. The court subsequently directed the parties to respond how 2008-1185, -1238 should proceed.

The above appeals and 2008-1050 arose from the same case in the United States District Court for the Central District of California. In the proceedings underlying 2008-1050, the district court determined that it lacked declaratory judgment jurisdiction over Aspex's invalidity and unenforceability counterclaims based on Revolution's covenant not to sue Aspex. Aspex then sought attorney fees pursuant to 28 U.S.C. § 285 based on Revolution's alleged inequitable conduct in obtaining the patent in suit. Revolution sought sanctions, arguing that Aspex's motion for attorney fees was improper. The district court denied both motions and Aspex and Revolution both appealed. Aspex's appeal was docketed as 2008-1185 and Revolution's appeal was docketed as 2008-1238.

In 2008-1050, this court determined that declaratory judgment jurisdiction over Aspex's counterclaims did exist. Thus, the court reversed the judgment and remanded for further proceedings.

Aspex argues that "the attorneys' fee issue has been rendered moot" by this court's reversal in 2008-1050. Aspex asserts that "the attorneys' fee question is therefore now before the district court and will be addressed when the issues relating to Revolution's inequitable conduct are decided on the merits." Thus, Aspex argues that 2008-1185 should be dismissed and requests that the court vacate the district court's January 16, 2008 order denying its motion for attorney fees.

Revolution argues that this court's March 24, 2008 order staying proceedings in these appeals required Aspex to file a status report within 14 days of the court's disposition in 2008-1050 and that Aspex did not do so. Thus, Revolution argues that 2008-1185 should be dismissed for failure to prosecute.

2008-1185, -1238 2

In the proceedings underlying 2008-1185, the district court denied Aspex's motion for attorney fees in part because "consideration of the issue of inequitable conduct at this stage would be, in effect, a delayed trial on the merits of one of the central claims in the suit." Because this court in 2008-1050 reversed the district court's dismissal of, inter alia, Aspex's unenforceability counterclaim, we determine that the better course is to vacate that portion of the district court's January 16, 2008 order that denied Aspex's motion for attorney fees and remand for further proceedings.

With respect to Revolution's appeal, 2009-1238, neither Aspex nor Revolution indicate in their status reports how they believe that appeal should proceed. Because Revolution has expressed no interest in pursuing its appeal, the court determines that dismissal is warranted.

Accordingly,

IT IS ORDERED THAT:

(1)     The district court's January 16, 2008 order is vacated to the extent that it denied Aspex's motion for attorney fees and the case is remanded for further proceedings consistent with this order and with this court's opinion in Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294 (Fed. Cir. 2009).

(2)     Appeal no. 2009-1238 is dismissed.

(3)     Each side shall bear its own costs.

FOR THE COURT

SEP - 2 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     R. Joseph Trojan, Esq.
        Michael A. Nicodema, Esq.

s17

2008-1185, -1238                    3

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP -2 2009

JAN HORBALY
CLERK